
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| MARK EDWARD HANSON, | § | |
| TDCJ-CID #1428055, | § | |
| Randall County Jail ID #54388 | § | |
| Previous TDCJ-CID # 7135212 | § | |
| FBI #318220TA3, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0178 |
| | § | |
| JOEL RICHARDSON, Sheriff, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MARK EDWARD HANSON, acting pro se and while a prisoner confined in the Randall County Jail, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff has since been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

After filing his original complaint, plaintiff submitted four proposed amended and supplemental complaints, as well as one motion to withdraw a proposed amended complaint. By its September 6, 2007 Order, the Court instructed plaintiff that serial complaints, a common practice of pro se litigants, would not be reviewed together. Plaintiff was ordered to file one final amended complaint and instructed that any amended pleading would supersede and replace all previous complaints as if they had never been submitted.

Plaintiff responded by submitting an amended complaint and a motion for leave to file supplemental complaint, both filed on September 20, 2007. The Court issued a show cause order requiring plaintiff to explain why he should not be sanctioned for wasting judicial resources with the repeated submission of multiple complaints. Plaintiff responded that he felt the Federal Rules of Civil Procedure required him to state claims arising subsequent to the filing of his original complaint on a separate, supplemental, complaint.

The beginning of some periods for claims asserted in the supplemental complaint predates the filing of the original complaint in this cause and some of the claims are duplicative of claims in the original complaint. Nevertheless, in light of plaintiff's expressed determination to stand on his September 20, 2007 pleadings, the Court will analyze the claims asserted in both pleadings.

The Court also notes that, after the submission of an original complaint, a questionnaire response, three amended complaints, and three supplemental complaints, plaintiff has had sufficient opportunity to set forth all the factual allegations he wishes to present to the Court.

## CLAIMS

Plaintiff informs the Court that he escaped from Randall County Jail only to be re-arrested on October 29, 2005. That date appears to mark the beginning of most, though not all of his claims.

By his September 20, 2007 Amended Complaint, plaintiff complains his First Amendment rights were violated when he was not allowed to have a Bible in his cell from October 29, 2005 to December 13, 2005. He says defendant STRICTLAND informed him the prohibition was ordered by defendant Capt. EVANS due to plaintiff's allegedly having torn pages out of a Bible

and stuffed them in a vent. Plaintiff also complains he never received a disciplinary case for that conduct.

Plaintiff claims his Fourteenth Amendment rights were violated by a refusal to give him medical attention for a broken foot after his October 29, 2005 re-arrest. He states he did not receive an x-ray until December 19, 2005.

Plaintiff claims the defendants punished him by imposing conditions of confinement in violation of his Fifth and Fourteenth Amendment rights by not providing him access to a shower on a regular basis and sometimes not providing him with toilet paper. Plaintiff states he was also allowed out of his cell for recreation only three days a week and was shackled during those times. Further, while in the dayroom, he was required to remain seated. Plaintiff repeats this claim in his September 20, 2007 Supplemental Complaint, alleging that, from October 29, 2005 to April 6, 2007, he was shackled when outside his cell in the recreation yard and was required to remain seated while in the dayroom.

By his September 20, 2007 Supplemental Complaint, plaintiff also claims he was denied access to the county law library from July 20, 2006 to April 6, 2007. Plaintiff states he was harmed by this in that, had he been allowed to go to the law library, he would have learned that he could have sought a preliminary injunction for relief in this cause number.

By his September 20, 2007 Supplemental Complaint, plaintiff claims he was not allowed to attend congregate religious services from October 29, 2005 to April 6, 2007.

Lastly, by his September 20, 2007 Supplemental Complaint, plaintiff complains that, during a July 6, 2006 visit with his attorney, he was not able to refer to notes about this civil action he had brought in a writ envelope because the guard would not remove or loosen plaintiff's

hand shackles, saying she was under orders that plaintiff was to be shackled whenever he was outside his cell.

Plaintiff argues that the treatment forming the basis of his claims was different from that afforded other inmates at the jail.

Plaintiff requests "punitive and monetary damages."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff states he was a pre-trial detainee during the period covered by this lawsuit.

Plaintiff complains of a six week delay in obtaining x-rays for his foot.  He says that, on the day he was re-arrested following his escape, he informed jail officials he needed hospitalization.  He says he also submitted a sick call request to defendant Dr. LACY a couple of days later asking for a x-ray of his foot.

With respect to the differing sources of protection for pretrial detainees and convicted inmates, the Fifth Circuit has recognized that the distinction as to medical care due a pretrial detainee, as opposed to a convicted inmate, may be a distinction without a difference, because if an act or omission violates the Eighth Amendment protection against deliberate indifference to a serious medical need, it will certainly violate a detainee's Fourteenth Amendment protections. *Cupit v. Jones*, 835 F.2d 82, 85 (5th Cir. 1987).  Pretrial detainees are guaranteed reasonable medical care unless the failure to supply that care is reasonably  related to a legitimate governmental objective.  *Nerren v. Livingston Police Dept.*, 86 F.3d 469 (5th Cir. 1996). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  Moreover, a delay which does not aggravate or exacerbate the medical condition does not constitute a constitutional violation.  *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).  A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff has alleged no substantial harm resulting from the delay in x-raying his foot. In fact, he has alleged no resultant harm at all. With respect to his foot, plaintiff has utterly failed to state a claim of constitutional dimension and, at most, has stated a claim of negligence; however, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Inmates and detainees must be afforded "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Pedraza v. Meyer*, 919 F.2d 317, 329 (5th Cir. 1990)(quoting *Cruz v. Beto*, 405 U.S. 319, 322, n.2, 92 S.Ct. 1079, 1081 n.2, 31 L.Ed.2d 263 (1972). Nevertheless, a prison regulation which impinges on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In a conditions of confinement case, an attack on general conditions, practices, rules, or restrictions of pretrial confinement, the proper standard by which to evaluate a city's policy is whether the policy is reasonably related to a legitimate government purpose. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

In the instant case, it is clear that the prohibition of a Bible for six or seven weeks because prison officials believed plaintiff vandalized one to plug up the air conditioning vent is rationally related to the legitimate governmental interest in security and the proper maintenance of the jail. Plaintiff was not prevented from praying or required to perform any act in violation of his Christian faith. Further, allowing plaintiff to continue the prohibited conduct would only have had a detrimental effect on discipline and order, and no readily available alternative has been suggested by plaintiff. *Turner v. Safley*, 482 U.S. 78, 90, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987). Plaintiff complains he was not charged with a disciplinary violation for tearing up the

Bible to stick pages in the vents, but, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995), a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). The temporary hardship plaintiff alleges in this case does not impinge on the duration of confinement or constitute an atypical and significant hardship in relation to the incidents of ordinary prison life. The failure to write plaintiff a disciplinary case and provide him with a disciplinary hearing did not violate his federally protected Due Process rights under the Fourteenth and Fifth Amendments.

Additionally, plaintiff complains that he was treated differently from other detainees in several ways, but plaintiff, himself, informs the Court he had earlier escaped from that jail. The response to plaintiff's grievances[3] note that plaintiff was considered a threat to safety and security. Thus, plaintiff was not only denied congregate worship, he was required to be shackled whenever out of his cell on the recreation yard, and was required to be seated in the dayroom. Plaintiff does not indicate he was restricted in any way from exercising while in his cell and does not allege any harm from these conditions of confinement. Given plaintiff's demonstrated willingness to escape, it appears the determination that he was a threat to safety and security was reasonable, and the conditions of plaintiff's confinement were not an exaggerated response to the threat he posed. The facts plaintiff places before the Court demonstrate his restrictions were a

---

[3]*E.g.*, Exhibit C to plaintiff's September 20, 2007 Supplemental Complaint.

reasonable penological response to the security threat he presented, not a violation of his

Fourteenth Amendment right to Equal Protection and not to be punished before conviction.

Plaintiff also alleges jail officials met once a week to review the restrictions placed upon

him, but he complains they did not allow him to attend the meetings. Plaintiff had no federally

protected due process right to attend the meetings. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct.

2293, 2294, 132 L.Ed.2d 418 (1995).

Plaintiff further challenges the conditions of his confinement in that he says he was not

provided with regular showers or toilet paper. Plaintiff does not state he was deprived of any

other items for hygiene, such as soap and water. Plaintiff's allegations, by themselves, do not

allege the necessary deprivation of the "minimal civilized measure of life's necessities." *See,*

*Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). While

unpleasant, plaintiff would still have been able to conduct his toilet activities and cleanse himself.

Plaintiff's allegations do not show plaintiff was forced to endure conditions that were unhealthy

or was deprived of the "minimal civilized measure of life's necessities."

At most, plaintiff's allegations raise a claim of negligence; however, section 1983 imposes

liability for deprivation of constitutionally protected rights, not for violations of tort duties of

care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*,

474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow

left on stairs). Plaintiff's condition of confinement claims lack an arguable basis in law and are

frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition, plaintiff does not allege any damages. In the absence of actual damages, a

section 1983 plaintiff can theoretically recover punitive damages and attorney's fees. *Ryland v.*

*Shapiro*, 708 F.2d 967, 976 (5th Cir. 1983). In this case, however, plaintiff has not alleged any facts that would support an award of punitive damages and because he is representing himself *pro se* he is not entitled to attorney's fees. Thus, even if plaintiff had properly alleged a constitutional violation, he could not be awarded monetary damages on any of his condition of confinement claims.

As to plaintiff's claim that he was not allowed access to the county law library, plaintiff makes clear that he wanted access to the law library in order to work on this civil case, not his criminal case, in which he was represented by an attorney. The precise constitutional right involved in plaintiff's claim is the right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement, *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Further, if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

Plaintiff's only injury with respect to this claim is that, without use of the law library, he remained ignorant of the possibility of preliminary injunctive relief which, he says, he would have sought in this case, requiring defendants to "discontinue violating the Plaintiff's Civil Rights." Given the analysis of plaintiff's claims herein, it is clear that an attempt to obtain a preliminary injunction would not have succeeded. Plaintiff has utterly failed to show actual injury, that is, that "a nonfrivolous legal claim [was] frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180-81, 135 L.Ed.2d 606 (1996). Thus, plaintiff's access to courts claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff complains that, on July 6, 2006, he had a consultation with his attorney at the jail. Plaintiff says he brought notes he wished to discuss with his attorney about this civil action in a writ envelope, but a guard would not unfasten plaintiff's handcuffs from his belly-chain, stating it was against her orders and, therefore, plaintiff could not discuss the notes with his attorney. Like the claim above, this appears to be an access to courts claim. The Affidavit submitted by plaintiff as Exhibit F to his September 20, 2007 Supplemental Complaint, shows the attorney was not representing plaintiff in this civil suit, but was defending him on three criminal charges, Capital Murder, Aggravated Assault on a Public Servant, and Escape.

Plaintiff has not alleged any way in which the failure to consult with his attorney concerning his notes on this civil suit injured his position as a litigant in this, or any other, case. Again, he has failed to show actual injury, that is, that "a nonfrivolous legal claim [was] frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180-81, 135 L.Ed.2d 606

(1996). Thus, plaintiff's access to courts claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MARK EDWARD HANSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 27th day of March, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE